**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON TOWNSHIP BOARD OF EDUCATION, <br><br> Plaintiff, <br><br> v. <br><br> D.B. o/b/o Y.B, <br><br> Defendant. | Civil Action No. 23-3568 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Jackson Township Board of Education's ("Plaintiff" or "Jackson Township") Motion for Expedited Relief (ECF No. 6) and Defendant D.B.'s ("Defendant") Motion to Dismiss (ECF No. 11). Defendant opposed Plaintiff's Motion for Expedited Relief (ECF No. 16), and Plaintiff replied (ECF No. 17). Plaintiff opposed Defendant's Motion to Dismiss (ECF No. 18), and Defendant replied (ECF No. 19). After careful consideration of the parties' submissions, the Court decides both motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Expedited Relief is denied.

## I.   BACKGROUND

### A.   Overview of the Individuals with Disabilities Education Act ("IDEA")

Through the IDEA, the federal government provides funding to assist states with educating disabled children living within their borders. *See* 20 U.S.C. §§ 1400, et. seq.; *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 267 (3d Cir. 2014). States receiving these funds must

adopt a set of policies and procedures meant to guarantee that all disabled children receive a free appropriate public education ("FAPE").  20 U.S.C. §§ 1412(a), 1413(a); *see also Blunt*, 767 F.3d at 267–68.  If a child is deemed to have a disability, then a state satisfies its duty to provide a FAPE by providing "an [Individualized Education Program ('IEP')], which is 'an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances.'"  *J.M. v. Summit City Bd. of Educ.*, No. 19-159, 2020 WL 6281719, at *1 (D.N.J. Oct. 27, 2020) (quoting *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 403 (2017)), *aff'd*, 39 F.4th 126 (3d Cir. 2022).

Access to the IDEA's special education services "requires an evaluation [of the child] from a public agency, such as a school district board of education."  *M.S. v. Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x 91, 93 (3d Cir. 2019) (citing 20 U.S.C. §§ 1401(19)(A), 1414(a)(1)(A); N.J. Admin. Code §§ 6A:14-2.5, 6A:14-3.1(a)–(b)).  Parents may, however, seek their own independent educational evaluation ("IEE").  *See* 34 C.F.R. § 300.502; N.J. Admin. Code § 6A:14-2.5(c).  Furthermore, "[t]he text of both the federal and state regulations provide public funding [for an IEE] when (1) a public agency conducts an evaluation; and (2) the parent disagrees with that evaluation."  *Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x at 93; 34 C.F.R. § 300.502(b)(1) (providing that "[a] parent has the right to an [IEE] at public expense if the parent disagrees with an evaluation obtained by the public agency."); N.J. Admin. Code § 6A:14-2.5(c) (providing that "[u]pon completion of an initial evaluation or reevaluation, a parent may request an [IEE at public expense] if there is disagreement with the initial evaluation or a reevaluation provided by a district board of education."); *see also Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 274–75 (3d Cir. 2007) (noting that the Third Circuit has applied 34 C.F.R. § 300.502(b)(1) broadly).

"An IEE 'shall be provided at no cost to the parent unless the school district initiates[, no later than twenty calendar days after receipt of the request,] a due process hearing to show that its evaluation is appropriate and a final determination to that effect is made following the hearing.'" *Hopewell Twp. Bd. Of Educ. V. C.B. on behalf of C.B.*, No. 19-6287, 2020 WL 4431820, at *1 (D.N.J. July 31, 2020) (quoting N.J. Admin. Code § 6A:14-2.5(c)(1) (alteration in original)); *see also* 34 C.F.R. § 300.502(b)(2) ("If a parent requests an [IEE] at public expense, the public agency *must* . . . (i) [f]ile a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) [e]nsure that an [IEE] is provided at public expense . . . ." (emphasis added)). Such due process decisions by an administrative law judge ("ALJ") are final, 20 U.S.C. § 1415(i)(1)(A); 34 C.F.R. § 300.514, and are appealable by bringing a civil action in "any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy," 20 U.S.C. § 1415(i)(2)(A); *see also* 34 C.F.R. § 300.516(a).

### B.   Factual Background

Defendant is the parent of Y.B., a nine-year-old student with a diagnosis of autism, visual impairments, and other learning challenges.[1]  (ALJ's Letter Order 1–2, ECF No. 11-2.)  Since September 2019, Y.B. has attended the School for Children with Hidden Intelligence ("SCHI"), located out-of-district in Lakewood, New Jersey, after Y.B. was unilaterally placed at the school by Defendant.  (ALJ's Letter Order 1.)

On August 18, 2021, Defendant filed a due process petition with the New Jersey Office of Special Education Programs, seeking tuition reimbursement for Y.B.'s unilateral placement to SCHI, continued placement at SCHI, transportation to SCHI, an IEP that reflects the out-of-district

---

[1] Y.B. has been diagnosed with Autism, Cortical Visual Impairment, Microdeletion of Chromosome 1Q21.3, Exotropia with mild dissociated vertical deviation, Hyperopia, and astigmatism. (ALJ's Letter Order 1–2.)

placement, an IEE, compensatory education, and reimbursement of all costs. (ALJ's Letter Order 1; *see generally* Pet'r's Due Process Pet., ECF No 11-4.) Defendant alleges that Plaintiff is unable to provide Y.B. with meaningful FAPE and requests an IEE "to meaningfully observe the proposed program/placement . . . wrongly denied by the District." (ALJ's Letter Order 2 (citing Pet'r's Due Process Pet. 117).) Defendant proposed that Dr. Anne L. Corn ("Dr. Corn") perform the IEE due to Y.B.'s unique vision learning challenges. (*Id.* at 2.) Plaintiff opposed Defendant's request for an IEE on the basis that the opinion of a third party is irrelevant and "the Board is not aware of any instance where [a] court appointed an 'independent evaluator' over the objection of a school district." (*Id.* (citing Pl.'s June 21, 2022 Letter[2]).)

On June 22, 2023, the parties held a teleconference in which the ALJ determined not to order a third-party evaluator. (*Id.*) In response, Defendant's counsel agreed to contact Dr. Corn to request the parameters of her evaluation and present it to Plaintiff for a response. (*Id.*) On June 26, 2023, Defendant filed a request for reconsideration regarding the ALJ's decision to deny an IEE, and with it, included a letter from Dr. Corn outlining the parameters of her potential IEE. (*Id.*) Dr. Corn's letter, drafted on June 25, 2023, stated that she "provide[s] a comprehensive review of a child's education needs" when an IEE is requested, and subsequently outlined her qualifications relevant for providing a fair and balanced view of Y.B.'s educational needs. (Dr. Corn's Letter 1, ECF No. 6-12.) Dr. Corn, therefore, requested permission to visit (1) The Jackson School District "to observe a similar program to that [in] which [Y.B.] would receive placement if

---

[2] The Court notes that neither party has submitted Plaintiff's June 21, 2022 letter as an exhibit to this matter, and thus the letter is not available in the Administrative Record. Neither party has addressed the letter, nor has either party objected to the ALJ's description of Plaintiff's June 21, 2022 letter. Accordingly, this Court adopts the ALJ's description of Plaintiff's arguments in the June 21, 2022 letter.

he were enrolled in his [local education agency ('LEA')]," and (2) SCHI "to observe [Y.B.] in school" and complete other related observations.  (*Id.* at 2.)

On June 27, 2023, the ALJ reversed her initial decision denying the IEE.  (ALJ's Letter Order 2–3.)  Based on her review of Dr. Corn's letter and the relevant regulations, the ALJ determined that Defendant demonstrated good cause for ordering the IEE and that Dr. Corn qualifies as a neutral licensed professional examiner.  (*Id.*)  Accordingly, the ALJ granted Dr. Corn permission to observe Y.B. at SCHI, as well as a classroom and program proposed by Jackson Township, in order to "provide the necessary additional information and/or educational recommendations that can be used to determine the appropriate placement and programming for Y.B."  (*Id.* at 3.)  The ALJ also ordered Plaintiff to pay for the cost of the IEE under N.J.A.C. 1:6A:14.4(a).  (*Id.* at 2–3.)  A due process hearing has yet to take place.[3]

On July 3, 2023, Plaintiff filed an interlocutory appeal to this Court, seeking reversal of the ALJ's June 27, 2023 Letter Order granting the IEE.  (Pl.'s Compl., ECF No. 1.)[4]  On July 24, 2023, Plaintiff filed the instant Motion for Expedited Relief (Pl.'s Moving Br.), and Defendant filed the

---

[3] On July 10, 2023, Plaintiff filed a Motion for Reconsideration and Motion to Stay regarding the ALJ's June 27, 2023 Letter Order.  (Pl.'s Mot. to Stay 1, ECF No. 6-10.)  Plaintiff filed the Motion for Reconsideration regarding the ALJ's Letter Order because: (1) a "full, adversarial and evidentiary hearing" had not occurred, and therefore an administrative court could not order an IEE; and (2) a classroom observation does not qualify as an IEE because it does not advance the needs of 34 C.F.R. § 300.305(a), (c).  (*Id.* at 1–2.)  On July 20, 2023, the ALJ denied Plaintiff's Motion for Reconsideration, concluding that Plaintiff had the opportunity to be heard within the meaning of N.J.A.C. 1:6A:14.4(a) because the statute does not require a full adversarial, evidentiary hearing, and that a classroom observation is included as part of the IEE.  (ALJ's July 20, 2023 Letter Order 2–3, ECF No. 6-11.)  The ALJ also denied Plaintiff's Motion to Stay because Plaintiff failed to refute Defendant's argument that Y.B. will suffer irreparable harm by not being provided with an IEE.  (*Id.* at 3.)

[4] Plaintiff filed an Amended Complaint on July 6, 2023.  (Pl.'s Am. Compl., ECF No. 4.)  Plaintiff originally asserted that this Court has jurisdiction over this appeal under IDEA § 1415(e)(2), but amended its complaint to reflect that this Court has jurisdiction under § 1415(i)(2)(A).  (*Compare* Pl.'s Compl. ¶ 2 *with* Pl.'s Am. Compl. ¶ 2.)

instant Motion to Dismiss Plaintiff's Amended Complaint in its entirety. (Def.'s Moving Br.)
Defendant then filed an opposition brief (Def.'s Opp'n Br., ECF No. 16) and Plaintiff filed a reply
brief (Pl.'s Reply Br., ECF No. 17).

## II.    LEGAL STANDARD

Under 20 U.S.C. § 1415(i)(2)(A), a party can bring an action before the federal court if the
party is "aggrieved by the findings and decision made under subsection (f) or (k)." 20 U.S.C.
§ 1415(i)(2)(A). With regard to 20 U.S.C. § 1415(f),[5] "federal courts are only provided with
subject matter jurisdiction over civil actions concerning: (1) the findings and decision issued by
an ALJ *after a due process hearing*; or (2) a decision of an ALJ which 'completely dismisses' the
matter on motion." *Hopewell Valley Reg'l Bd. of Educ. v. J.R.*, No. 15-8477, 2016 WL 1761991,
at *3 (D.N.J. May 3, 2016) (emphasis added) (citation omitted); *see also I.K. o/b/o Z.S. v.
Montclair Bd. of Educ.*, No. 16-9152, 2018 WL 2441761, at *2 (D.N.J. May 31, 2018) ("Once a
due process hearing is held and the ALJ has rendered a decision, an aggrieved party may appeal
that decision in federal or state court.").[6]

---

[5] The Court does not discuss 20 U.S.C. § 1415(k), as it is not relevant in this matter.
[6] The Third Circuit has summarized the administrative review process as follows:

> The IDEA allows any party—the parent of a disabled child or the state—to file a
> complaint "with respect to any matter relating to the identification, evaluation, or
> educational placement of the child, or the provision of a free appropriate public
> education to such child[.]" 20 U.S.C. § 415(b)(6). The filing of a complaint gives
> rise to a due process hearing, which is conducted in compliance with state
> procedures. 20 U.S.C. § 1415(f)(1). After a hearing, "any party aggrieved by the
> findings and decision rendered in such a hearing may appeal such findings and
> decision to the State educational agency." 20 U.S.C. § 1415(g)(1). Once the [state
> agency] has issued a decision, the IDEA authorizes "[a]ny party aggrieved by the
> findings and decision" to appeal to a federal district court." 20 U.S.C.
> § 1415(i)(2)(A).

*Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 182–83 (3d Cir.
2009) (case citations omitted) (emphasis added).

In the same vein, the Third Circuit has advised that while the IDEA grants the district court subject matter jurisdiction over certain appeals, the IDEA is clear that plaintiffs should complete the administrative process before resorting to a review by the district court.   *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994).  In essence, district courts should avoid premature intervention in the administrative process.  *Id.* at 779; *see also J.A. v. Monroe Twp. Bd. of Educ.*, No. 18-14838, 2020 WL 3496876, at *2 (D.N.J. June 29, 2020) ("[T]he very notion of an interlocutory appeal from the administrative process to a federal district court is directly contrary to the strong presumption of administrative exhaustion before judicial review.").

"When deciding an IDEA case, the District Court applies a modified version of *de novo* review and is required to give due weight to the factual findings of the ALJ."  *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 (3d Cir. 2006).  "Factual findings from the administrative proceedings are to be considered prima facie correct, and if the reviewing court does not adhere to those findings, it is obliged to explain why."  *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010) (internal quotation marks omitted) (citing *P.P. ex rel Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 734 (3d Cir. 2009)).

## III.   DISCUSSION

Plaintiff's Motion for Expedited Relief seeks reversal of The ALJ's June 27, 2023 Order and decision.  (*See generally* Pl.'s Moving Br. 1.)  In seeking expedited relief, Plaintiff argues this Court has subject matter jurisdiction over its interlocutory appeal.  (*Id.* at 4–5.)  Defendant's Motion to Dismiss alleges that: (1) this Court lacks jurisdiction over Plaintiff's appeal; (2) Plaintiff missed the 20-day deadline to object to the IEE; and (3) Plaintiff's arguments for relief fail on the merits.  (*See generally* Def.'s Moving Br. 8–17.)

In New Jersey, "[a] due process hearing is an administrative hearing conducted by an [ALJ]" in the New Jersey Office of Administrative Law.[7] *S.S. v. Hillsborough Twp. Bd. of Educ.*, No. 20-13077, 2022 WL 807371, at *3 (D.N.J. Mar. 17, 2022) (quoting N.J. Admin. Code § 6A:14-2.7(a)).  New Jersey defines "hearing" as "a proceeding conducted by a judge for the purpose of determining disputed issues of fact, law or disposition." N.J. Admin. Code § 1:1-2.1. A party "cannot prevail by characterizing the challenged pre-hearing decisions as 'findings and decision made under subsection (f),' because 'subsection (f) concerns due process hearings, and the only decision contemplated by the plain meaning of that subsection is the decision following the due process hearing.'"  *Hopewell*, 2016 WL 1761991, at *3 (citation omitted); *see also* 20 U.S.C. § 1415(f).

Here, the Court lacks subject-matter jurisdiction because no such due process hearing has taken place.  *See Marlboro Twp. Bd. of Educ. v. H.L.*, No. 18-12053, 2019 WL 1877394, at *3 (D.N.J. Apr. 26, 2019), *aff'd sub nom. Twp. of Marlboro Bd. of Educ. v. H.L.*, 793 F. App'x 101 (3d Cir. 2019) (dismissing the matter because a due process hearing, "the triggering event providing the Court jurisdiction to hear an appeal," had not yet occurred).  Plaintiff disputes the ALJ's June 27, 2023 decision granting the IEE by Dr. Corn, which reversed her previous decision denying the IEE over a teleconference. (ALJ's Letter Order 2–3.)  Simply put, the ALJ's decision regarding the IEE amounts only to a pre-hearing decision and cannot be defined as a due process hearing for jurisdiction under 20 U.S.C. § 1415(f)(1).  *See Hopewell*, 2016 WL 1761991, at *3 (dismissing the matter for lack of subject-matter jurisdiction because the ALJ's decisions were

---

[7] N.J. Admin. Code § 6A:14-2.79(a) states that "[f]or students age three through 21, a due process hearing may be requested when there is a disagreement regarding identification, evaluation, reevaluation, classification, educational placement, the provision of a free, appropriate public education, or disciplinary action."  N.J. Admin. Code § 6A:14-2.7(a).

merely pre-hearing decisions that "allowed [the] matter to proceed to the impartial hearing"). Further, jurisdiction under 20 U.S.C. § 1415(f)(2) is also not proper because the ALJ's decision granting the IEE does not completely dismiss the matter as the IEE is only one part of Defendant's petition for due process. *See Marlboro Twp. Bd. of Educ.*, 2019 WL 1877394, at *3 (finding that the ALJ did not "completely dismiss" the matter because a due process hearing was not yet held). Not only is Plaintiff's argument that this Court must allow its interlocutory appeal to "avoid the concomitant injustice," (Pl.'s Moving Br. 4-5), unconvincing, it is "directly contrary to the strong presumption of administrative exhaustion before judicial review" that many courts have recognized and underscored, *see, e.g.*, *Monroe Twp. Bd. of Educ.*, 2020 WL 3496876, at *2.[8]

The Court, therefore, dismisses this matter for lack of jurisdiction as no due process hearing has commenced, nor has the ALJ made a decision that completely dismisses the matter. The parties may appeal the matter once the ALJ has held a due process hearing and renders a decision, or alternatively renders a decision that completely dismisses the matter.

---

[8] While the Court acknowledges that there are four narrow exceptions to the IDEA's statutory exhaustion requirement, the Court does not address them in detail here. *See D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014) (listing the exceptions: "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm."). The party seeking to invoke an exception has the burden to establish the exception. *J.A. v. Monroe Twp. Bd. of Educ.*, 2019 WL 1760583, at *3 (D.N.J. Apr. 22, 2019) ("The party seeking to be excused from exhaustion bears the burden of establishing an exception."). Here, Plaintiff fails to coherently address, if at all, reasons why Plaintiff's claim meets the statutory exhaustion requirement. To the extent Plaintiff alleges that there is irreparable harm, Plaintiff haphazardly notes that it will face financial hardship and the risk of mootness. (Pl.'s Reply Br. 11–12.) Yet, monetary loss is not a "severe or irreparable harm" and the Third Circuit has explicitly cautioned that the exception should be "sparingly invoked." *Komninos*, 13 F.3d at 778 ("[M]ere allegations by plaintiffs of irreversible harm will not be enough to excuse the completion of administrative proceedings. Plaintiffs must provide a sufficient preliminary showing that the child will suffer serious and irreversible mental or physical damage (e.g., irremediable intellectual regression) before the administrative process may be circumvented."). Further, there is no harm by mootness as either party is free to appeal the matter once there has been a due process hearing and the ALJ has rendered a decision.

Having found that this Court lacks jurisdiction over this matter, the Court will not address the parties' remaining arguments.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss for lack of jurisdiction.  Plaintiff's Motion for Expedited Relief, therefore, is denied.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE